UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PBS, LLC | CIVIL ACTION |
| VERSUS | NO. 19-13170 |
| GONZALES HOME 2 LODGING, LLC, AND HAMMOND LODGING, LLC | SECTION "R" (3) |

## ORDER AND REASONS

Before the Court is defendants' motion to dismiss plaintiff PBS LLC's Louisiana Unfair Trade Practices Act claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Because plaintiff has not pleaded sufficient facts to support a LUTPA claim, the Court grants the motion.

## I. BACKGROUND

This case arises from a business dispute involving the purchase of two hotels. In the spring of 2019, plaintiff PBS, LLC, began negotiations with defendant Gonzales Lodging to purchase a hotel in Gonzales, Louisiana.[2] At the same time, plaintiff entered into negotiations to purchase a hotel in

---

[1]  R. Doc. 7.
[2]  *See* R. Doc. 1 at 2 ¶¶ 6, 8.

Hammond, Louisiana, from defendant Hammond Lodging.[3] The parties engaged in significant discussions, but as of early June 2019, plaintiff still had significant concerns about purchasing both hotels.[4] Plaintiff alleges that around June 6, representatives of defendants delivered signature pages for two purchase agreements (one for each hotel) to a manager at PBS, without copying PBS's legal counsel or representatives.[5] The manager, under the impression PBS's legal counsel and representatives had also been sent copies, executed the signature pages and returned them to defendants.[6] The version of the purchase agreement entered into under the signature pages did not address the concerns of PBS.[7]

The parties subsequently negotiated addenda to each purchase agreement in an attempt to address PBS's concerns.[8] The addenda were executed on June 14, 2019.[9] Under the addenda, PBS was required to pay an initial deposit of $100,000 to each defendant within five days of the execution of the addenda.[10] The addendum with Hammond Lodging also

---

[3]    *Id.* at 2 ¶¶ 7-8.
[4]    *Id.* at 3-4 ¶¶ 12-14.
[5]    *Id.* at 4 ¶¶ 14-15.
[6]    *Id.* at 4 ¶ 16.
[7]    *Id.* at 4 ¶ 17.
[8]    R. Doc. 1 at 4 ¶ 18.
[9]    *Id.*
[10]   *Id.* at 5 ¶ 21, 10 ¶ 46.

included a term requiring Hammond Lodging to request a Project Improvement Plan (PIP) within ten days of the execution of the addenda.[11] Both addenda included terms requiring defendants to allow PBS to examine certain books and records for due diligence purposes within thirty days of the execution of the addenda.[12] According to plaintiff, Hammond Lodging purportedly failed to request the PIP within the time required,[13] and both defendants were delinquent in sharing requested books and records.[14]

In late July, PBS informed both defendants that it was terminating the purchase agreements and requested a refund on the initial deposits.[15] Both defendants refused to refund the initial deposits on the grounds that PBS terminated the agreements more than thirty days after the addenda were signed.[16] PBS alleges that but for the delay and malfeasance of the defendants, it would have terminated the agreements within the thirty-day window allowed by the purchase agreements' addenda.[17]

PBS brought suit against both Hammond Lodging and Gonzales Lodging, alleging a breach of contract claim and a claim under the Louisiana

---

[11]    *Id.* at 5-6 ¶¶ 22-23.
[12]    *Id.* at 6-7 ¶ 26, 11 ¶ 47.
[13]    *Id.* at 6 ¶¶ 24-25.
[14]    *Id.* at 7 ¶¶ 29-30, 12 ¶¶ 51-52.
[15]    R. Doc. 1 at 8 ¶ 32, 13 ¶ 54.
[16]    *Id.* at 9 ¶¶ 38-39, 13 ¶ 55.
[17]    *Id.* at 9 ¶ 40, 13 ¶ 56.

Unfair Trade Practices and Consumer Protection Law. Plaintiff also seeks treble damages and attorneys' fees' under LUTPA.[18] Defendants filed a motion to dismiss only plaintiff's LUTPA claim.

## II. LEGAL STANDARD

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The Court must resolve doubts as to the sufficiency of the claim in the plaintiff's favor. *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001). But to survive a Rule 12(b)(6) motion, a party must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The claim must be dismissed if there are insufficient factual allegations to raise the right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007). The

---

[18]  *Id.* at 17 ¶ 71.

4

Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 679.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments thereto. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.*

### III. DISCUSSION

Defendants move to dismiss only plaintiff's claim under the Louisiana Unfair Trade Practices and Consumer Protection Law. LUTPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." La. R. S. 51:1405(A). Louisiana courts employ a two-prong test to sustain a cause of action under LUTPA: "(1) the person must suffer an ascertainable loss; and (2) the loss must result from another's use of unfair methods of competition and unfair or deceptive acts or practices." *NOLA 180 v. Treasure Chest Casino, LLC*, 91 So. 3d 446, 450 (La. App. 5 Cir. 2012). To establish a LUTPA claim, a plaintiff must show that "the alleged conduct offends established public policy and is immoral,

unethical, oppressive, unscrupulous, or substantially injurious." *Cheramie Servs., Inc. v. Shell Deepwater Prod.*, 35 So. 3d 1053, 1059 (La. 2010) (citing *Moore v. Goodyear Tire & Rubber Co.*, 364 So. 2d 630, 633 (La. App. 2 Cir. 1978)). LUTPA covers only a narrow range of prohibited practices, "including fraud, misrepresentations, and similar conduct, not mere negligence." *Quality Envtl. Processes, Inc. v. I.P. Petroleum Co., Inc.*, 144 So. 3d 1011, 1025 (La. 2014). Moreover, conduct violates LUTPA only if "it is undertaken with the specific intent to harm the competitor." *United Grp. of Nat. Paper Distribs., Inc. v. Vinson*, 666 So. 2d 1338, 1346 (La. App. 2 Cir. 1996).

Defendants do not dispute that plaintiff pleaded an ascertainable loss. Rather, they argue that plaintiff has failed to adequately plead that defendants engaged in unfair methods of competition and unfair or deceptive acts or practices. Plaintiff points to two acts by defendants that it believes establish its LUTPA claim: (1) sending signature pages to PBS's manager without sending the pages to its legal counsel or representatives, and (2) delaying in providing certain due diligence materials during the due diligence period. The Court considers each act in turn.

6

### A. Signature Pages

Plaintiff first alleges that on June 6, 2019, "with knowledge that PBS and its representatives had not agreed upon all terms of the proposed purchase agreements," defendants "delivered pages for two separate purchase agreements to the manager of PBS."[19] Plaintiff further alleges that "PBS's legal counsel or representatives were not sent or copied on the correspondence transmitting the signature pages to the manager of PBS."[20] In its opposition to the motion to dismiss, PBS characterizes this action as an attempt "to circumvent PBS's counsel and trick PBS into entering a disadvantageous contract."[21]

But plaintiff does not allege that any misrepresentations were made to the manager. For example, it does not allege that defendants represented to the manager that plaintiff's concerns had been resolved. Rather, it seems the manager simply signed the signature pages on the assumption the concerns had been resolved, without checking with PBS's legal representatives. And even if the delivery of the signature pages did constitute a misrepresentation, any prejudice would be remedied by the addenda the parties negotiated to

---

[19] R. Doc. 1 at 4 ¶ 14.
[20] *Id.* at 4 ¶ 15.
[21] R. Doc. 12 at 5.

address PBS's concerns.[22] Indeed, the agreements' Effective Date was June 14, 2019—the same day that the addenda were executed.[23] Because defendants made no misrepresentations to PBS's manager and executed addenda to address PBS's concerns, the act of sending the signature pages to the manager does not constitute conduct that "is immoral, unethical, oppressive, unscrupulous, or substantially injurious." *Cheramie Servs.*, 35 So. 3d at 1059. This conduct therefore does not give rise to a LUTPA claim.

### B. Delay in Due Diligence

Plaintiff also argues that it maintains a LUTPA claim because defendants "intentionally refused to provide adequate due diligence materials to PBS during the Due Diligence Period, to deny PBS any opportunity to fully vet the deals," and "intentionally delayed the due diligence materials to push negotiations past the due diligence deadline and force PBS into paying additional earnest money and consummate the purchase agreements."[24]

Plaintiff's complaint does allege that defendants purposefully delayed providing plaintiff certain due diligence materials.[25] But plaintiff's

---

[22] R. Doc. 1 at 4 ¶ 18.
[23] *Id.* at 4 ¶ 18, 5 ¶ 20, 10 ¶ 45.
[24] R. Doc. 12 at 5-6.
[25] *See* R. Doc. 1 at 8 ¶ 31 ("On information and belief, Seller Hammond Lodging and its representatives unreasonably and intentionally delayed

8

assertions about defendants' motives are entirely conclusory. Rather, the delay in providing due diligence materials seems to be a straightforward breach of contract. And "[t]here is a great deal of daylight between a breach of contract claim and the egregious behavior [LUTPA] proscribes." *Turner v. Purina Mills, Inc.*, 989 F.2d 1419, 1422 (5th Cir. 1993).

Indeed, the contracts themselves even anticipated a potential delay in the exchange of due diligence materials, and therefore included a provision stating that "[a]ny unreasonable delay intentionally caused by Seller shall extend the provisions applicable to the same in the contract for the same amount of days of said delay."[26] And plaintiff does not allege that that it was actually forced to consummate the transaction or that it paid additional earnest money. To the extent that this was supposed to be the harm intended by the defendants' causing delay in producing due diligence materials, the harm never occurred. PBS's allegations regarding defendants' delay therefore do not give rise to a LUTPA claim.

---

providing due diligence materials to PBS in an attempt to push negotiations past the due diligence deadline and force PBS into paying additional earnest money and consummate the purchase agreement."), *Id.* at 13 ¶ 53 ("On information and belief, Seller Gonzales Lodging and its representatives unreasonably and intentionally delayed providing due diligence materials to PBS in an attempt to push negotiations past the due diligence deadline and force PBS into paying additional earnest money and consummate the purchase agreement.").

[26] R. Doc. 1 at 7 ¶ 28, 12 ¶ 49.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss plaintiff's LUTPA claim.

New Orleans, Louisiana, this __3rd__ day of March, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE