UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PBS, LLC | CIVIL ACTION |
| VERSUS | NO. 19-13170 |
| GONZALES HOME 2 LODGING, LLC, AND HAMMOND LODGING, LLC | SECTION "R" (3) |

## ORDER AND REASONS

Before the Court is plaintiff's motion to dismiss defendants' bad faith claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Because defendants have not pleaded sufficient facts to support a bad faith claim, the Court grants the motion.

## I. BACKGROUND

This case arises from a business dispute involving the purchase of two hotels. In the spring of 2019, plaintiff PBS, LLC, began negotiations with defendants to purchase two hotels—one in Gonzales, Louisiana, and another in Hammond, Louisiana.[2] Defendants allege that plaintiff delayed agreeing

---

[1] R. Doc. 14.
[2] *See* R. Doc. 9 at 14 ¶ 1.

to Letters of Intent for both transactions.[3] Defendants also allege that PBS requested documentation and information to which it was not entitled.[4]

The parties engaged in significant discussions, but as of early June 2019, plaintiff claims it had concerns about purchasing both hotels.[5] Plaintiff alleges that around June 6, representatives of defendants delivered signature pages for two purchase agreements (one for each hotel) to a manager at PBS, without copying PBS's legal counsel or representatives.[6] The manager, under the impression PBS's legal counsel and representatives had also been sent copies, executed the signature pages and returned them to defendants.[7] PBS claims the version of the purchase agreement entered into under the signature pages did not address its concerns.[8] Defendants allege that PBS's representation that the agreements were wrongfully entered into was a "bad-faith, strong-arm tactic" to force revisions to the agreements.[9]

The parties subsequently negotiated addenda to each purchase agreement in an attempt to address PBS's concerns.[10] The addenda were

---

[3]  *See id.* at 14-15 ¶¶ 2-5.
[4]  *Id.* at 15 ¶ 9.
[5]  R. Doc. 1 at 3-4 ¶¶ 12-14.
[6]  *Id.* at 4 ¶¶ 14-15.
[7]  *Id.* at 4 ¶ 16.
[8]  *Id.* at 4 ¶ 17.
[9]  R. Doc. 9 at 16 ¶ 14.
[10] R. Doc. 9 at 16 ¶ 15.

executed on June 14, 2019.[11] Under the addenda, PBS was required to pay an initial deposit of $100,000 to each defendant within five days of the execution of the addenda.[12]

In late July, PBS informed both defendants that it was terminating the purchase agreements and requested a refund of the initial deposits.[13] Both defendants refused to refund the initial deposits on the grounds that PBS terminated the agreements more than thirty days after the addenda were signed.[14] Defendants also allege that plaintiff breached the agreements, and therefore owe each defendant a second deposit amount of $150,000, as well as $10,000 each for the cost of "Project Improvement Plans," which were required under the agreements.[15]

PBS sued both Hammond Lodging and Gonzales Lodging, alleging a breach of contract claim and a claim under the Louisiana Unfair Trade Practices and Consumer Protection Law.[16] Defendants filed an answer and counterclaim, alleging claims for breach of contract and bad faith.[17] Plaintiff moves to dismiss only defendants' bad faith claim.

---

[11] *Id.* at 16-17 ¶¶ 16-17.
[12] R. Doc. 1 at 5 ¶ 21, 10 ¶ 46.
[13] *Id.* at 8 ¶ 32, 13 ¶ 54.
[14] *Id.* at 9 ¶¶ 38-39, 13 ¶ 55.
[15] R. Doc. 9 at 19 ¶ 34, 22 ¶ 49.
[16] *See* R. Doc. 1.
[17] *See* R. Doc. 9.

## II. LEGAL STANDARD

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The Court must resolve doubts as to the sufficiency of the claim in the plaintiff's favor. *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001). But to survive a Rule 12(b)(6) motion, a party must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The claim must be dismissed if there are insufficient factual allegations to raise the right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007). The Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 679.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments thereto. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or

4

an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.*

## III. DISCUSSION

### A. Bad Faith

Plaintiff moves to dismiss only defendants' bad faith claim. "An obligor in bad faith is liable for all the damages, foreseeable or not, that are a direct consequence of his failure to perform." La. Civ. Code art. 1997. Bad faith requires that the obligor "intentionally and maliciously fail[] to perform his obligation." La. Civ. Code art. 1997, Revision Comment (b). Bad faith is not "mere bad judgment or negligence[;] it implies the conscious doing of a wrong for dishonest or morally questionable motives." *Volentine v. Raeford Farms of La., LLC*, 201 So. 3d 325, 338 (La. App. 2 Cir. 2016). Indeed, courts have found that bad faith implies "actual or constructive fraud or a refusal to fulfill contractual obligations, not an honest mistake as to actual rights or duties." *Bd. of Sup'rs of La. State Univ. v. La. Agr. Fin. Auth.*, 984 So. 2d 72, 80 (La. App. 1 Cir. 2008).

Defendants first allege that "[a]fter repeated bad faith actions and intentional delays, PBS finally executed a Letter of Intent concerning the

sale" of each hotel.[18]  They also allege that the respective letters of intent were "actually the ***second*** Letter[s] of Intent negotiated for [these] transactions[s], as PBS backed out of the first one[s] at the last minute, in bad faith."[19]  These allegations are too conclusory to state a claim for bad faith.  They state that plaintiff acted in bad faith, without facts that indicate a "dishonest or morally questionable" motive on the part of plaintiff. *Volentine*, 201 So. 3d at 228.  Indeed, these paragraphs do not even properly allege a specific contract existed that plaintiff breached.  Rather, they allege only that plaintiff delayed entering into the Letters of Intent.  And because bad faith can be found only when a party has a contractual obligation, these allegations fail to state a bad faith claim.  *See Favrot v. Favrot*, 68 So. 3d 1099, 1109 (La. App. 4 Cir. 2011) ("[W]e do not examine a party's good faith (or bad faith) *unless or until* we find that the party has failed to perform an obligation, from which the obligee has sustained damages.").

Defendants next allege that plaintiff "repeatedly demanded documentation and information . . . that PBS was not entitled to prior to the execution of the PSAs" and aver that "[t]hese bad faith demands further delayed the negotiations."[20]  Although defendants may allege a dispute

---

[18]  R. Doc. 9 at 14 ¶¶ 2 (Gonzales Home2), 4 (Hammond Courtyard).
[19]  *Id.* at 14 ¶ 3 (Gonzales Home2), 15 ¶ 5 (Hammond Courtyard).
[20]  R. Doc. 9 at 15 ¶ 9.

6

between the parties regarding the documentation plaintiff was entitled to review before signing the PSAs, defendants again fail to state a bad faith claim, as they fail to allege any facts that would demonstrate plaintiff had "dishonest or morally questionable" motives in requesting these documents. *Volentine*, 201 So. 3d at 228.

Defendants further allege that on June 11, 2019, counsel for PBS "for the first time claimed that the executed Gonzales Home2 PSA and the executed Hammond Courtyard PSA were both signed by PBS in error."[21] Defendants then describe this as "nothing more than a bad-faith, strong-arm tactic to attempt to force certain revisions to both PSAs, obtain a lower purchase price, and further delay negotiations."[22] But defendants' characterization is not controlling when the facts do not support it. Defendants do not allege that plaintiff breached any contract term here, in bad faith or otherwise. Instead, they allege only that plaintiff asserted that the PSAs were executed in error, and requested addenda on those grounds. On these slender allegations, the Court cannot find that defendants properly allege a breach in bad faith.

---

[21] R. Doc. 9 at 16 ¶ 14.
[22] *Id.*

Finally, defendants allege that "[u]pon information and belief, PBS's actions were also motivated by its desire to manipulate the tax-exempt exchange provisions of 26 U.S. Code § 1031."[23] This allegation, without more, cannot be the basis for a bad faith claim, as it too lacks sufficient factual support. For example, defendants do not explain how plaintiff's actions would lead it to benefit from this provision of the tax code, or how this would be a "dishonest or morally questionable motive," *Volentine*, 201 So. 3d at 228, or a "malicious" failure to perform an obligation. La. Civ. Code art. 1997, Revision Comment (b).

Defendants remaining allegations of bad faith are nothing more than conclusory assertions that plaintiff acted in bad faith, or are a summary of allegations that the Court has already found insufficient to state a claim. Defendants state that "PBS has now, in bad faith, breached both the Gonzales Agreement and Hammond Agreement, as detailed below."[24] This allegation provides no factual basis by which the Court could find PBS acted in bad faith. Defendants also allege that "PBS intentionally and in bad faith prolonged the negotiations concerning both Agreements, attempted strong-arm tactics to force changes to previously agreed-to terms, breached both

---

[23] R. Doc. 9 at 23 ¶ 56.
[24] R. Doc. 9 at 17 ¶ 19.

8

agreements in bad faith and in an untimely manner, and then wrongfully declared GH2L and HL in default of their respective agreements."[25] But this does nothing more than summarize allegations the Court has already found insufficient to state a claim, or simply alleges a breach in bad faith without any factual basis to support malicious intent or questionable motives.

Because defendants fail to allege sufficient factual basis to raise their bad faith claim "across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, the claim must be dismissed.

**B.     Leave to Amend**

Defendants also request leave to amend "to correct any deficiencies found by the Court."[26] Defendants have not previously amended their counterclaim. "The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). When deciding whether leave to amend should be given, the Court considers multiple factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

---

[25]    *Id.* at 23 ¶ 55.
[26]    R. Doc. 15 at 6.

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman*, 371 U.S. at 182. The Court finds none of these factors present here. Although defendants have not specifically identified additional facts supporting their bad faith claim in their opposition to the motion to dismiss, they may be able to do so if granted leave to amend. The Court therefore dismisses defendants bad faith claim without prejudice and with leave to amend within twenty-one days of entry of this Order.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to dismiss defendants' bad faith claim. This dismissal is WITHOUT PREJUDICE, and defendants may file an amended counterclaim within twenty-one days of this Order.

New Orleans, Louisiana, this __11th__ day of March, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE